In the Matter of PAUL PEACOCK, Petitioner, against JOHN J. JANIGA, as Mayor of the City of Lackawanna, Respondent.

Supreme Court, Special Term, Erie County, April 26, 1948.

*Knibloe & Lipsitz* for petitioner.

*Rudolph S. Weinstein, Corporation Counsel,* for respondent.

WECHTER, J. The prefatory statement fully discloses the purpose of the motion. Petitioner for twenty-five years has been a resident of the city of Lackawanna, and for some ten years past has been licensed as a distributor of coin-controlled amusement devices in that city. He is a freeholder and taxpayer there.

For nearly ten years past the city ordinances (duly adopted, approved and published, and effective in October of 1938) have made provision for the licensing on application of a distributor

" to rent, lease or maintain any coin-controlled amusement device in the City of Lackawanna ". The content of the application is prescribed and a bond is provided for to be approved by the Mayor as to sufficiency and form. The fee for the license is fixed at $100. Additionally devices are individually tagged and the distributor licensed thereto pays a fixed fee of $10 for each such tag.

The petitioner makes claim that during the years through which he has been licensed he has not distributed devices prohibited by law, and has not been suspected of or charged with any such violation, nor convicted of or charged with any crime or offense. These claims are not controverted or challenged and must be assumed true for the purposes of this motion. Further the respondent asserts no dissatisfaction for any cause with the applicant.

The petition details a full compliance with all requirements for an application for the license sought, which have been rendered futile by reason of nonaction and evasion on the part of the Mayor although the application was seasonably, persistently and directly before him for official action. Demand on the license clerk with a full showing of the facts was refused on the ground of nonapproval and the petitioner asserts the resulting loss of the livelihood earned under his earlier licenses.

The conclusion is inescapable that the application is of set purpose ignored and that that is equivalent to denial.

Counsel for the Mayor relies on section 63 of the Lackawanna City Charter which provides that where the carrying on of any occupation is prohibited " without a license therefor * * * the mayor may grant or refuse such license in his discretion ".

Two such licenses for the current year have been granted and are in force. No basis for differentiation between the purposes of the licenses granted and the license sought is claimed; no basis for differentiation between the distributors licensed and this applicant is claimed; the Mayor and the city must fairly be charged with knowledge of this applicant, of his record in the community and as a distributor under the earlier licenses renewal of which is here sought; no objection to him or reason for the refusal is given, although the Mayor has here been afforded the opportunity to show such cause.

The " discretion " by virtue of which " the mayor may grant or refuse such license " within the provision of section 63 of the charter is a sound administrative discretion reasonably exercised; it is not tantamount to an arbitrary or capricious right of distribution of personal preferences.

The evils feared by the Mayor and his counsel have apparently not arisen under this applicant's earlier licenses. The monopoly or more precisely the duopoly established by the licenses granted is no guarantee that such possibilities have been eliminated.

Ours is a government of laws and not of men and the democratic processes require a more responsible exercise of vested power than the arbitrary right of preference without discretion that is complained of.

Motion granted. Submit order on two days' notice.